UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARTIN GARCIA,

Plaintiff, **ACTION UNDER 29 U.S.C.§ 216(b)**

-v.-

**COMPLAINT**

560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 .,
Defendants
-----------------------------------------------------------X

Plaintiff MARTIN GARCIA, by and through his attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 (the "Defendant") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, among other things, unpaid minimum and overtime wage compensation for the Plaintiff, a former employee of Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 ., a New York Corporation with offices at 560-562 Amsterdam Ave, New York, NY 10024. The Plaintiff was directly hired by Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 ., who established his work schedule and regularly gave him daily tasks and instructions regarding his duties. Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 also exerted disciplinary authority over the Plaintiff, inclusive of, but not limited

to, issuing warnings, reprimands, and enforcing other disciplinary measures as deemed necessary. The Plaintiff alleges that the Defendant deliberately failed to pay the statutory wages. The Plaintiff was primarily employed as a deli clerk, under the direct supervision and control of Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2.

2. At all times relevant hereto, Defendants were required, under relevant New York State law, to pay and compensate Plaintiff at a minimum rate of $15.00 per hour (the “minimum wage”); however, Plaintiff was only compensated at a rate of $10 per hour for most of his employment with the Defendant.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants willfully and knowingly only compensated Plaintiff at a rate of (I) $10 and $17 per hour and intentionally failed to pay Plaintiff his lawful overtime pay for that period from June 2018 until April 15, 2024. During this period, Plaintiff worked well in excess of forty (40) hours per workweek, as determined by the work schedule set by Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2. Defendants, regularly exercised its authority to require Plaintiff to work additional hours beyond his scheduled work hours without providing the requisite overtime compensation. This included instances from June 2018 until April 15, 2024, where the Plaintiff was required to work eighty-four (84) hours without receiving appropriate overtime pay.

5. Defendants’ conduct extended beyond Plaintiff to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the

overtime compensation required by federal and state law and regulations.

6. Plaintiff brings this action under the Wage Theft Prevention Act for Defendants' willful and intentional failure to provide written notice of wage rates in violation of said laws. This deliberate lack of transparency and communication from Defendant caused significant injury in fact to the Plaintiff in the form of financial loss, emotional distress, and confusion as it obstructed his ability to accurately calculate his owed wages. Furthermore, the Plaintiff suffered an injury in fact due to the Defendant's failure to provide proper notice of wage rates, which is a direct violation of the WTPA. This has resulted in further financial loss for the Plaintiff, as he was unable to ascertain his correct wages and thus, unable to claim them. This failure was a direct result of Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2.'s negligent actions as the Plaintiff's employer, who was responsible for communicating wage rates and maintaining accurate record keeping. Furthermore, at all relevant times, Defendants knowingly failed to maintain accurate record keeping as mandated by the FLSA and the NYLL, thereby exacerbating the injury in fact suffered by the Plaintiff, obstructing his ability to accurately determine owed wages, and facilitating continued violation of wage laws.

7. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys'

fees and costs pursuant to the FLSA and NYLL.

9. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Southern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

**PARTIES**

**Plaintiff**

14. Plaintiff MARTIN GARCIA is and was at all times relevant hereto an individual residing in New York.

15. Plaintiff MARTIN GARCIA was employed by 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2., at 560-562 Amsterdam Ave, New York, NY 10024. His period of employment spanned from approximately June 2018 until April 15, 2024. During this period, his primary work duty was as a deli clerk; he cooked, cleaned, was in charge of the cash register and did every task the Defendant told him to do. His work schedule, including working hours and days, was determined and controlled by Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2

16. At all times relevant hereto, Plaintiff GARCIA was a covered employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**<u>Defendants</u>**

18. Defendant 560 NY MINI MARKET INC., is, believed to be a duly organized New York Corporation with its principal place of business located at 560-562 Amsterdam Ave, New York, NY 10024.

19. Upon information and belief, Defendant 560 NY MINI MARKET INC is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2024, and were directly engaged in interstate commerce.

21. Upon information and belief, and at all times relevant to the claims herein, Defendant 560 NY MINI MARKET INC., willfully and knowingly possessed operational control over its employees. by reason of its ownership interest and control of significant functions of Defendant Corporation. Defendant 560 NY MINI MARKET INC., and JOHN DOE 1 and JOHN DOE 2 .: (i) willfully and knowingly hired Plaintiff, setting his wages and compensation; (ii) established Plaintiff’s work schedules and workload, giving him daily orders and instructions; (iii) maintained and reviewed employee records; (iv) paid Plaintiff weekly wages; (v) had the authority to and did in fact discipline Plaintiff during the course of his employment; and (vi) ultimately terminated Plaintiff's employment in a willful manner.

22. Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## COMMON FACTUAL ALLEGATIONS

Defendants Constitute Joint Employers

23. Defendants owned and operated 560 NY MINI MARKET INC a corporate entity principally engaged in Bronx, New York.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff MARTIN GARCIA and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

a. failing to pay employees, including Plaintiff MARTIN GARCIA, the applicable minimum rate for work performed for the first forty (40) hours per week, thus causing financial harm and distress;

b. failing to pay employees, including Plaintiff MARTIN GARCIA, the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week, thus causing financial harm and distress;

c. failing to keep accurate records of hours worked by employees, including Plaintiff MARTIN GARCIA, as required by the FLSA and NYLL, thus causing financial harm and distress due to inaccuracies in wage calculation.

d. failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (Specific dates will be provided during the discovery phase of the litigation process.) as required by the FLSA and the NYLL, and in violation of the notice and recordkeeping requirements of the New York Labor Law, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws; and

25. Defendant has knowingly and willfully engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees

compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant financial damage, emotional distress, and other consequential damages to Plaintiff MARTIN GARCIA and the other class members.

26. Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 acted in the Defendants' interest with respect to its employees, the rate of and method of employee compensation was paid, and shared joint control over its employees.

27. At all times during Plaintiff's employment, Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 exerted substantial influence and direction over the working conditions of Plaintiff and other similarly situated employees. This control was exercised through direct and daily involvement in setting work schedules, assigning tasks, implementing disciplinary actions, and determining the methods and rates of compensation. For instance, Defendant set Plaintiff's work hours, issued daily instructions, and decided on Plaintiff's compensation structure.

28. Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 ., in conjunction with other entities or individuals, employed Plaintiff and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

29. Under the relevant employment laws, Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 is deemed to be a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are not legally recognized.

30. At all times relevant hereto, Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ

the Plaintiff. Similarly, the Defendant was responsible for the termination of the Plaintiff's employment, making the decision to end the employment relationship. Such Defendant had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where Defendant interviewed and selected Plaintiff for the position and the termination process where Defendant decided to end Plaintiff's employment. Defendant also controlled the terms and conditions of Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by Defendant and the specific tasks assigned to Plaintiff. Furthermore, the defendant determined the rate and method of any compensation in exchange for the plaintiff's services, as demonstrated by the Defendant's decisions on the plaintiff's salary and method of payment. Indeed, Defendant supervised Plaintiff’s work schedule and conditions of his employment.

31. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff MARTIN GARCIA**

32. Plaintiff worked from approximately June 2018 until April 15, 2024. Defendants employed plaintiff GARCIA at their 560-562 Amsterdam Ave, New York, NY 10024 facility. As a deli clerk, Plaintiff GARCIA 's duties included cooking, cleaning, dishwashing, being in charge of the cashier, and any additional tasks assigned by Defendant.

33. Plaintiff worked a Monday through Sunday schedule from 7:00 A.M. to 7:00 P.M., accumulating an average of eighty-four (84) hours per week. The plaintiff received $10 per hour until 2024, when he started earning $17 per hour, paid in cash by the Defendants, with no additional compensation for overtime worked, in violation of wage

and hour laws. Throughout his employment, the Defendants willfully failed to provide the plaintiff with a lunch break and did not allow him to record his hours worked, further violating labor laws.

34. From June 11, 2018, until December 31, 2018, Plaintiff was paid $10 per hour, the underpayment per week was $400, and the total underpayment of that period of time was $11,600. From January 1, 2019, until December 31, 2019, Plaintiff was paid $10 per hour, the underpayment per week was $550, and the total underpayment of that period of time was $28,600. From January 1, 2020, until December 31, 2020, Plaintiff was paid $10 per hour, the underpayment per week was $700, and the total underpayment of that period of time was $36,400. From January 1, 2021, until December 31, 2021, Plaintiff was paid $10 per hour, the underpayment per week was $700, and the total underpayment of that period of time was $36,400. From January 1, 2022, until December 31, 2022, Plaintiff was paid $10 per hour, the underpayment per week was $700, and the total underpayment of that period of time was $36,400. From January 1, 2023, until December 31, 2023, Plaintiff was paid $10 per hour, the underpayment per week was $700, and the total underpayment of that period of time was $36,400. From January 1, 2024, until April 15, 2024, Plaintiff was paid $17 per hour, the underpayment per week was $340, and the total underpayment of that period of time was $5,100. The total owed wages are approximately $190,900.

35. Plaintiff GARCIA did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff GARCIA did not come and go at his pleasure but rather was controlled by Defendants.

36. Plaintiff GARCIA was a covered employee within the meaning of the FLSA

and the NYLL and was not exempt thereunder as his employment position and assignments were not “professional,” “executive” or even “administrative” and did not require discretion nor independent judgment. Plaintiff GARCIA work is properly characterized as menial physical labor.

37. Plaintiff GARCIA regularly handled goods in interstate commerce and other items produced outside of the State of New York.

38. Plaintiff worked without appropriate minimum and overtime wages from the beginning and until the end of his employment with Defendants, a violation which we contend was done intentionally and willfully by the Defendants.

39. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff GARCIA regarding wages as required under the FLSA and NYLL.

40. Defendants did not provide Plaintiff GARCIA with each payment of wages an accurate statement of wages, as required by NYLL 195(3). This failure caused substantial injury in fact to the Plaintiff as it hindered his ability to accurately determine his owed wages, leading to significant financial losses, emotional distress, and other associated damages.

41. Defendants willfully and intentionally never provided Plaintiff GARCIA with written notice of his rate of pay, employer’s regular payday, and such other information as required by NYLL §195(1). This willful failure to provide notice has caused Plaintiff substantial injury in fact, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and others associated damages. This willful failure to provide notice has caused Plaintiff substantial injury in fact, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and others associated damages.

**Defendants’ General Employment Practices**

42. As part of their regular business practices, Defendants willfully and intentionally required Plaintiff MARTIN GARCIA to work beyond his scheduled hours without paying him the proper minimum and overtime wages as required by federal and state laws. For instance, Defendants required Plaintiff to work additional hours from June 2018 until April 15, 2024, without providing the requisite overtime compensation, as evidenced by documents such as timesheets and emails.

43. By such common policy and practice, Defendants willfully violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

44. Defendants willfully failed to post the statutorily required wage and hour posters in the workplace as required by law and did not provide Plaintiff MARTIN GARCIA with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' willful violations of the wage and hour laws, and to take advantage of Defendant's exploitation of the power imbalance and their superior knowledge of wage and hour laws.

45. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) minimum wages, and (iii) overtime wages.

46. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates. This willful failure to provide this written notice has caused the Plaintiff, MARTIN GARCIA, an injury in fact, including but not limited to, financial harm, emotional distress such as anxiety and depression, and the inability to accurately determine his owed wages.

47. Throughout the relevant time period, Defendants paid Plaintiff MARTIN

GARCIA wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3). This willful failure to provide the required wage statement and annual pay notices constitutes an injury in fact under the Wage Theft Prevention Act, has caused Plaintiff MARTIN GARCIA substantial financial harm, emotional distress, and other consequential damages, including but not limited to, the inability to accurately track and verify his earned wages, and is a willful violation of Plaintiff's rights.

48. Throughout the entire duration of his employment, Defendants failed to provide Plaintiff MARTIN GARCIA with accurate accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address, and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3). This willful failure to provide accurate wage statements has caused Plaintiff injury in fact, leading to financial harm, emotional distress, and other injuries in fact as he was unable to fully understand and assert his rights regarding his wages.

## FIRST CAUSE OF ACTION
**(Willful Violation of FLSA Minimum and Overtime Wage Provisions (29 U.S.C. § 206, 207) and Recordkeeping Provisions (29 U.S.C. § 211))**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power

to hire and fire Plaintiff, control the terms and conditions of employment, determine the rate and method of any compensation in exchange for his employment, and dictate his work schedule and tasks. For instance, Defendants were directly involved in the hiring process of Plaintiff, with Defendant conducting the interview and offering the job to Plaintiff. Defendant also exercised control over Plaintiff's work schedule, with Defendant regularly setting his weekly work hours, and even adjusting him on several occasions without prior notice. Defendants assigned daily tasks to Plaintiff, with specific instructions on how to perform them, and provided direct supervision, with Defendant frequently monitoring Plaintiff's work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

51. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

52. Defendants, in willful violation of the FLSA, failed to pay Plaintiff the applicable minimum and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

53. Defendants' failure to pay Plaintiff the applicable minimum and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

54. Defendants willfully failed to satisfy the FLSA's recordkeeping requirements.

55. Defendants acted willfully in their violations of the FLSA's requirements, causing an injury in fact to the plaintiff.

56. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful minimum and overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court

deems just and proper. Damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Willful Unpaid Minimum and Overtime Wages Under New York Labor Law)**

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Defendants, in willful violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff minimum wages and the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

59. Defendants' failure to pay Plaintiff minimum and overtime wages was willful within the meaning of N.Y.Lab.Law § 663.

60. As a consequence of Defendants' intentional breaches of the New York Labor Law (NYLL), Plaintiff MARTIN GARCIA is legally entitled to claim from Defendants his unpaid minimum wages, overtime wages, liquidated damages as stipulated by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants willfully failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and any other information required by the New York Labor Law (NYLL) and the Fair Labor Standards Act (FLSA). This willful failure to provide notice has caused Plaintiff substantial injury in

fact, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and other associated damages. Furthermore, due to Defendants' failure to provide complete, accurate, and legally required notifications regarding the rate of pay and other essential employment terms, Plaintiff has experienced additional hardship and injury, including but not limited to financial instability, emotional distress, and time spent correcting and seeking redress for these violations. It has resulted in financial harm and distress due to the inability to accurately determine owed wages and other compensation-related matters, in violation of NYLL § 195(1).

63. Due to Defendants' violations of the NYLL § 195(1), and the substantial injury in fact suffered by the Plaintiff as a result of these violations, Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Accurate Wage Statements**

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Defendant, specifically Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 ., who directly hired Plaintiff and unilaterally determined the terms of his employment, set his work schedule, issued explicit day-to-day orders, and imposed disciplinary measures on multiple documented occasions, have willfully and knowingly failed to provide Plaintiff with complete, accurate, and timely wage statements throughout his employment, in direct violation of the New York Labor Law (NYLL) § 195(3). This failure is evident from the discrepancies in the wage statements and the actual hours worked as recorded in the work logs maintained by the Plaintiff. These statements should

have included, among other things, all his regular and any overtime hours of work, his rate of pay, and the basis of pay. This failure to provide accurate wage statements has caused Plaintiff substantial injury in fact, resulting in significant financial loss, emotional distress, and other associated damages as he was unable to fully understand and assert his rights regarding his wages, in violation of NYLL § 195(3).

66. Due to Defendants' willful violations of the NYLL, and the substantial injury in fact suffered by the Plaintiff as a result of these violations, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MARTIN GARCIA respectfully requests that this Court enter judgment against Defendant 560 NY MINI MARKET INC., JOHN DOE 1 and JOHN DOE 2 ., as follows:

a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), provided that they have experienced similar violations as the Plaintiff;

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c. Declaring that Defendants have willfully violated the minimum and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f. Declaring that Defendants have willfully violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

g. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

h. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

i. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

j. Awarding Plaintiff the expenses incurred in this action,

including costs and attorney’s fees; and

k. All such other and further relief as the Court deems just and proper.

l. An award of statutory damages for Defendants’ willful and continuous failure to provide Plaintiff with accurate and timely wage notices starting from his hiring date until the present day. This failure caused substantial injury in fact to the Plaintiff as he was unable to accurately determine his owed wages, leading to significant financial losses, emotional distress, and other associated damages, in violation of NYLL § 198 (1-b);

m. An award of statutory damages for Defendants’ willful and consistent failure to provide Plaintiff with detailed, accurate, and prompt wage statements in accordance with the law. This failure caused significant injury in fact to the Plaintiff, as it led to his inability to fully understand and assert his rights regarding his wages and resulted in financial losses and distress, in violation of NYLL § 198 (1-d);

n. An award of pre-judgment interest at the statutory rate of nine percent per annum (9%) due to the Defendants' willful actions, pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

o. An award of post-judgment interest due to the Defendants' willful violation of the law, pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

p. An award for all injuries in fact, both tangible and intangible, suffered by the Plaintiff as a result of Defendants' willful violation of the Wage Theft Prevention Act (WTPA), including but not limited to financial

losses, distress, damage to reputation, emotional distress, and any other tangible or intangible harm suffered by the Plaintiff as a direct result of Defendants' actions; and such other relief as this Court shall deem just and proper.

Dated: New York, New York
June 14, 2024

LINA STILLMAN, ESQ.



Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com